IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK RODRIGUEZ and
SHERRY RODRIGUEZ,

       *Plaintiffs,*

v.                                            Case No. 1:11-cv-00626 JAP/LAM

XTREME MANUFACTURING, LLC, AHERN
RENTALS, INC., and MASSACHUSETTS
INSTITUTE OF TECHNOLOGY,

       *Defendants.*

## MIT'S ANSWER TO COMPLAINT FOR PERSONAL INJURIES RESULTING FROM PRODUCT LIABILITY AND NEGLIGENCE

Defendant Massachusetts Institute of Technology ("MIT"), by and through its counsel of record, Rodey, Dickason, Sloan, Akin & Robb, P.A. (Charles J. Vigil) for its Answer to Plaintiffs' Complaint for Personal Injuries Resulting from Product Liability and Negligence ("Complaint"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, denies the same.

2.      MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

3.      MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies the same.

4.      MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies the same.

5.      In response to the allegations contained in paragraph 5, MIT denies that it "provides services throughout the State of New Mexico."   MIT denies that it has its headquarters in Lexington, Massachusetts.  MIT denies the remaining allegations contained in paragraph 5.

6.      MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

7.      The allegations contained in paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, MIT denies the same.

8.      The allegations contained in paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, MIT denies the same.

9.      The allegations contained in paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, MIT denies the same.

## GENERAL ALLEGATIONS

10.      MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, denies the same.

11.      MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies the same.

12.      In response to the allegations contained in paragraph 12, MIT admits that it entered into an agreement with Tucson Building and Remodeling, Inc.  The terms of that agreement speak for themselves, and MIT denies any allegation inconsistent therewith.  MIT denies the remaining the allegations contained in paragraph 12.

13.      MIT denies the allegations contained in paragraph 13.

14.      MIT denies the allegations contained in paragraph 14.

15.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies the same.

16.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies the same.

17.     MIT denies the allegations contained in paragraph 17.

18.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies the same.

19.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, denies the same.

20.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies the same.

21.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies the same.

22.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, denies the same.

23.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies the same.

24.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, denies the same.

<u>COUNT I</u>
<u>STRICT PRODUCT LIABILITY</u>

25.     In response to the allegations contained in paragraph 25, MIT incorporates and realleges its previous responses as if fully set forth herein.

26.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies the same.

27.     In response to the allegations contained in paragraph 27, MIT denies each and every allegation that relates or refers to MIT.  MIT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and, therefore, denies the same.

28.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies the same.

29.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies the same.

30.     In response to the allegations contained in paragraph 30, MIT denies each and every allegation that relates or refers to MIT.  MIT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 and, therefore, denies the same.

31.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, denies the same.

<u>COUNT II</u>
<u>NEGLIGENCE AGAINST DEFENDANTS</u>
<u>XTREME MANUFACTURING, LLC AND AHERN RENTALS, INC.</u>

32.     In response to the allegations contained in paragraph 32, MIT incorporates and realleges its previous responses as if fully set forth herein.

33.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies the same.

34.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies the same.

35.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and, therefore, denies the same.

36.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and, therefore, denies the same.

37.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, denies the same.

38.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, denies the same.

COUNT III
NEGLIGENCE AGAINST DEFENDANT MIT

39.     In response to the allegations contained in paragraph 39, MIT incorporates and realleges its previous responses as if fully set forth herein.

40.     MIT denies the allegations contained in paragraph 40.

41.     MIT denies the allegations contained in paragraph 41.

42.     MIT denies the allegations contained in paragraph 42.

43.     MIT denies the allegations contained in paragraph 43.

44.     MIT denies the allegations contained in paragraph 44.

45.     MIT denies the allegations contained in paragraph 45.

COUNT IV
BREACH OF WARRANTY

46.     In response to the allegations contained in paragraph 46, MIT incorporates and realleges its previous responses as if fully set forth herein.

47.     In response to the allegations contained in paragraph 47, MIT denies each and every allegation that relates or refers to MIT.  MIT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 and, therefore, denies the same.

48.     In response to the allegations contained in paragraph 48, MIT denies each and every allegation that relates or refers to MIT.  MIT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 and, therefore, denies the same.

49.     In response to the allegations contained in paragraph 49, MIT denies each and every allegation that relates or refers to MIT.  MIT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 and, therefore, denies the same.

50.     In response to the allegations contained in paragraph 50, MIT denies each and every allegation that relates or refers to MIT.  MIT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 and, therefore, denies the same.

COUNT V<br>LOSS OF CONSORTIUM CLAIM OF PLAINTIFF SHERRY RODRIGUEZ

51.     In response to the allegations contained in paragraph 51, MIT incorporates and realleges its previous responses as if fully set forth herein.

52.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and, therefore, denies the same.

53.     MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and, therefore, denies the same.

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

MIT denies all allegations contained in the Complaint that have not been otherwise admitted.

6

## SECOND DEFENSE

The accident, injuries and damages at issue were caused by the fault of others for whom MIT is neither liable nor responsible.

## THIRD DEFENSE

If it is determined that MIT was at fault and its fault was a proximate cause of the accident, injuries and damages at issue, which is expressly denied, then any recovery against MIT should be reduced by the percentage of fault apportioned to others.

## FOURTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the Fifth and Fourteenth Amendments to the Constitution of the United States of America as well as Article I, Section 10; Article II, Section 13; Article II, Section 19 of the Constitution of the State of New Mexico inasmuch as under the facts of this case any award of punitive damages is not justified, and an award of punitive damages would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

## FIFTH DEFENSE

Plaintiffs' alleged damages should be reduced to the extent they have failed to mitigate the same.

## SIXTH DEFENSE

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SEVENTH DEFENSE

Plaintiffs' complaint is barred by the doctrine of laches.

<u>EIGHTH DEFENSE</u>

Plaintiffs' damages, if any, are limited and capped under Massachusetts law relating to charitable organizations such as MIT.

<u>NINTH DEFENSE</u>

Plaintiffs' claims for damages against MIT are limited and/or barred by the Federal Tort Claims Act.

<u>TENTH DEFENSE</u>

MIT does not know which, if any, additional Affirmative Defenses may apply.  MIT has neither knowingly, nor intentionally waived any applicable Affirmative Defenses.  If it later appears that other Affirmative Defenses may apply, MIT will seek leave to amend its answer to raise such other Affirmative Defenses.

WHEREFORE, MIT prays for an order dismissing with prejudice Plaintiffs' Complaint; dismissing with prejudice any and all claims Plaintiffs may have against MIT as a result of the accident, injuries and damages at issue; dismissing with prejudice any and all claims Plaintiffs may have against MIT as a result of the lease and use of the forklift at issue; awarding MIT its costs in defending this action; and awarding MIT any further relief the Court deems just and proper.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By   */s/ Charles J. Vigil*_____
        Charles J. Vigil
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
FAX:  (505) 768-7395
Attorneys for Defendant Massachusetts Institute of
   Technology

8

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on September 20, 2011, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

           RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

           By   */s/ Charles J. Vigil*                 
               Charles J. Vigil