IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK RODRIGUEZ and
SHERRY RODRIGUEZ,

      Plaintiffs,

v.                                                No. 11cv0626 MCA/LAM

XTREME MANUFACTURING, LLC, et al.,

      Defendants.

## ORDER STAYING DISCOVERY DEADLINES AND SETTING BRIEFING SCHEDULE REGARDING NOTICE OF AUTOMATIC STAY

**THIS MATTER** is before the Court on *Defendant Ahern Rentals, Inc.'s Suggestion of Bankruptcy and Notice of Operation of Automatic Stay (Doc. 67)*, filed December 29, 2011. On January 18, 2012, the Court held a telephonic case management status conference in this case, at which counsel for all parties who have made an appearance in this case were present. *See Clerk's Minutes (Doc. 71)*. After discussing Defendant Ahern Rentals' notice of operation of automatic stay, it appears that the parties disagree about whether this notice should stay the entire case or just the proceedings against Defendant Ahern Rentals.

     A bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Therefore, by its plain language, Section 362(a)(1) stays actions only against "the debtor." The Tenth Circuit follows the general rule that the above stay provision does not extend to solvent co-defendants of the debtor.

*Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) ("[T]he rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to solvent codefendants of the debtor.") (citations omitted); *Flying J Inc. v. Comdata Network, Inc.*, No. 07-4279, 322 Fed. Appx. 610, 617, 2009 WL 1040289 (10th Cir. April 20, 2009) (unpublished) ("Automatic stay provisions generally do not extend to solvent co-parties.") (citation omitted). "A narrow exception allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in unusual situations as when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Okla. Federated Gold and Numismatics, Inc.*, 24 F.3d at 141 (citation and internal quotation marks omitted); *see also Turman v. Ameritruck Refrigerated Transp., Inc.*, No. 99-2325-JWL, 2001 WL 135843 at *2 (D. Kan. Feb. 6, 2001) (unpublished) ("In this case, there is no dispute that Ameritruck is liable for the actions of Mr. Black taken in the course of his employment under the doctrine of respondeat superior. Thus, the bankruptcy court was confronted with an 'unusual situation' in which a judgment against Mr. Black would, for all practical purposes, be a judgment against Ameritruck, the debtor.") (citation omitted). In addition, regardless of the application of the automatic bankruptcy stay to solvent co-defendants of the debtor, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("The granting of the stay ordinarily lies within the discretion of the district court."). The Court notes that in this case, it may be problematic and not efficient to proceed with Plaintiffs' claims against the other Defendants because the allegations against Defendant Ahern Rentals appear to be

2

critical to Plaintiffs' claims and the other Defendants' defenses.  Going forward against all Defendants except Defendant Ahern Rentals could lead to duplication of discovery efforts, delay of the trial while awaiting a lifting of the stay, or severance of Defendant Ahern Rentals from this litigation.  The Court will, therefore, order those parties who wish to have the entire case stayed to brief the issue of whether the stay of these proceedings against Defendant Ahern Rentals applies to all Defendants, and if not, whether this Court should stay this litigation.  The Court will hold the current discovery deadlines in abeyance pending resolution of this issue.

**IT IS THEREFORE ORDERED** that those parties who wish to have the entire case stayed shall file their motions to stay the case, including briefing on the above-stated issue, **no later than February 6, 2012**; those parties who oppose a stay of the entire case shall file their response **no later than February 16, 2012**; and replies shall be filed **no later than February 23, 2012**.

**IT IS FURTHER ORDERED** that the discovery deadlines in this case are hereby held in abeyance pending resolution of whether the case should be stayed.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**