IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRANK RODRIGUEZ and**
**SHERRY RODRIGUEZ,**

       **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　No. 11cv0626 MCA/LAM

**XTREME MANUFACTURING, LLC, et al.,**

       **Defendants.**

## ORDER GRANTING MOTIONS TO STAY CASE

**THIS MATTER** is before the Court on *Defendant Massachusetts Institute of Technology's Brief in Support of Staying Entire Case (Doc. 74)* and *Defendant Xtreme Manufacturing, LLC's Motion and Brief in Support of Temporarily Staying the Entire Case (Doc. 75)*, both filed February 3, 2012, pursuant to the Court's order setting a briefing schedule regarding the issue of whether to stay this case [*Doc. 73*].  Plaintiffs filed their consolidated response to the motions on February 16, 2012 [*Doc. 79*], and Defendants filed their replies on February 23, 2012 [*Docs. 82* and *83*].  Having considered the briefs filed by the parties, the record of this case, and relevant law, the Court **FINDS** that this case should be **STAYED** pending a lifting of the bankruptcy stay.

### BACKGROUND

In their Complaint, Plaintiffs bring strict product liability, negligence, breach of warranty, and loss of consortium claims against Defendants regarding injuries Plaintiff Frank Rodriguez sustained when the boom of a forklift fell.  [*Doc. 1*].  Plaintiffs allege that Defendant Xtreme Manufacturing, LLC, (hereinafter "Xtreme") designed, manufactured and distributed the forklift, that Defendant Massachusetts Institute of Technology (hereinafter "MIT") contracted with Tucson

Building & Remodeling, Inc. (hereinafter "TBR") to engage in construction of a structure on White Sands Missile Range, where the injury occurred, and that TBR rented the forklift from Defendant Ahern Rentals, Inc. (hereinafter "Ahern") for use in the construction. *Id.* at 3. Defendants Ahern and MIT have filed Third Party Complaints against TBR, wherein they allege that TBR has a duty to indemnify them and provide insurance coverage to the extent they are found liable for Plaintiff's injuries. [*Docs. 63* and *66*].

This case is subject to an automatic stay as to Defendant Ahern pursuant to 11 U.S.C. § 362(a)(1) of the United States Bankruptcy Code, because Ahern is presently in Chapter 11 bankruptcy proceedings. *See* [*Doc. 67*]. Defendants Xtreme and MIT seek to extend this stay to the entire case pursuant to the Court's inherent power to stay the case to preserve judicial resources and duplication of discovery efforts.[1] In support of their motions to stay this case, Xtreme and MIT state that their liability in this case is intertwined with Ahern's affirmative defenses that the warnings on the forklift were adequate, all duties to warn were met, and Plaintiff Frank Rodriguez' injuries were caused by his own negligence [*Doc. 13* at 8-11]. [*Doc. 74* at 3 and *Doc. 75* at 3]. MIT contends that it needs to obtain information and documents from Ahern for its defenses, which would not be possible while the bankruptcy stay is in place. [*Doc. 74* at 3-4 and *Doc. 82* at 3]. MIT further contends that discovery efforts will likely be duplicated if the case proceeds with all Defendants except Ahern, because, once the bankruptcy stay is lifted, Ahern will probably need to depose the same witnesses that the other parties have already deposed, and obtain discovery that may have already been produced by the other parties. *Id.* Xtreme and MIT maintain that the entire case should be stayed because proceeding without Ahern could result in duplicate trials with inconsistent

---

[1] Neither Xtreme nor MIT contend that they have an identity with Ahern such that the stay should apply pursuant to an exception to the general rule regarding stays under § 362. [*Doc. 82* at 4 and *Doc. 83* at 1].

results. [*Doc. 74* at 4 and *Doc. 75* at 3]. In addition, Xtreme states that it is unlikely the bankruptcy stay will be for an extended period of time because "Plaintiffs may be granted relief from the bankruptcy court to continue the civil action to the extent of Ahern's available liability insurance." [*Doc. 75* at 3]. Xtreme further states that "[i]n the unlikely event the Bankruptcy Court does not lift the automatic stay as to the extent of Ahern's available insurance, this case can then move forward and Plaintiffs will have the remedy of seeking relief in an adversary proceeding in the bankruptcy court." *Id.* at 4. Xtreme asks the Court to temporarily stay the entire case allowing Plaintiff to seek relief from the bankruptcy court to permit this case to proceed. *Id.*

In response, Plaintiffs contend that the Court should allow the case to proceed against Xtreme and MIT, and state that they should not be punished by having to wait for Ahern's bankruptcy to be resolved. [*Doc. 79* at 1-2]. Plaintiffs state that there will be no prejudice to MIT and Xtreme if the case proceeds, however, Plaintiffs would be prejudiced by a delay in the proceedings because they are incurring significant medical and living expenses. *Id.* at 2 and 5-6. Plaintiffs contend that the only party who may have to duplicate discovery efforts will be Ahern, and that Defendants' fear of inconsistent results is without basis because the factfinder can apportion damages among the liable parties. *Id.* at 6. Plaintiffs deny that lifting the stay to the extent of Ahern's insurance coverage limits is a viable alternative because that policy has a $1,000,000.00 limit, which Plaintiffs contend is not a high enough amount. *Id.* at 7 and [*Doc. 79-1* at 16, Exhibit 4].

## **DISCUSSION**

As the Court explained in its order setting a briefing schedule, a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor

3

that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Therefore, by its plain language, Section 362(a)(1) stays actions only against "the debtor," and the Tenth Circuit follows the general rule that the above stay provision does not extend to solvent co-defendants of the debtor. *Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) ("[T]he rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to solvent codefendants of the debtor.") (citations omitted); *Flying J Inc. v. Comdata Network, Inc.*, No. 07-4279, 322 Fed. Appx. 610, 617, 2009 WL 1040289 (10th Cir. April 20, 2009) (unpublished) ("Automatic stay provisions generally do not extend to solvent co-parties.") (citation omitted). However, regardless of the application of the automatic bankruptcy stay to solvent co-defendants of the debtor, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also, Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("The granting of the stay ordinarily lies within the discretion of the district court.").

Here, the Court finds that it would be most efficient and economical for all of the parties and for the Court to stay the case until Defendant Ahern can participate in the litigation. It does not make sense to proceed as to all Defendants except Ahern because Plaintiffs' claims against Ahern are not separate and independent from their claims against the other Defendants. For example, Plaintiffs allege strict product liability against Xtreme, and part of this allegation assumes the forklift "was in substantially the same condition at the time of the incident as it had been when it left the

control of Defendants [Xtreme and Ahren]." [*Doc. 1* at 5]. If the parties dispute this allegation, and others like it, and no party can depose witnesses from Ahern or obtain discovery from Ahern, the liability of Xtreme will be left in question. While Plaintiffs state that the factfinder can apportion damages among the Defendants, Plaintiffs fail to explain how liability for alleged defects in the equipment can be determined if the party who had control of and rented the equipment is absent. The Court agrees that two different trials -- one with Xtreme, MIT and TBR, and one with Ahern -- could lead to two different results regarding liability, especially if discovery from Ahern is not obtained until after the first trial.

Plaintiffs do not address Defendants' contention that Ahern is a critical party in this case or that discovery from Ahern is necessary for their claims and defenses. Instead, Plaintiffs ask the Court to allow the case to proceed as to all parties except Ahern because Plaintiffs are incurring significant expenses and because they allege that the only party who may be prejudiced by a partial stay is Ahern. While the Court understands Plaintiffs' interest in quickly resolving this case, Plaintiffs fail to state how their case may be affected by a delay, *e.g.*, that they would lose any testimony or evidence. Moreover, even if discovery were to proceed against the Defendants other than Ahern, this case could very well have to be delayed before or during trial if it turns out that Ahern has information that is necessary for the case to proceed. The Court finds that Plaintiffs' contention that Ahern would be the only party that would need to engage in duplicate discovery if the case proceeds against the other Defendants is without merit. If the case proceeds as to all Defendants except Ahern, once the bankruptcy stay is lifted, Ahern would need to engage in discovery and all other parties would be subject to duplicate depositions and document production. Plaintiffs' contention that asking the bankruptcy court to lift the stay to the extent of Ahern's

insurance coverage limits is not a viable alternative because that policy only has a $1,000,000.00 limit is unavailing because Plaintiffs have made no showing that Ahern's liability is likely to be higher than that.  Moreover, Defendants contend that Ahern's $1,000,000.00 primary policy is followed by a $5,000,000.00 excess coverage policy, which may foreclose this argument as well. *See* [*Doc. 83* at 3 n.1].  If Plaintiffs want this case to proceed quickly, they can move the bankruptcy court to lift the stay as to Ahern, or to have this case proceed in bankruptcy court under 28 U.S.C. § 157(a).  Finally, the Court notes that Defendant TBR has only recently been brought into this case by Ahren and MIT's Third Party Complaints [*Docs. 63* and *66*, filed December 20, 2011 and December 28, 2011, respectively], so TBR was not able to submit a brief on its position as to whether the case should be stayed for all Defendants, or just for Ahern.  Because of the addition of this Defendant, the case will need new discovery deadlines whether it is stayed or proceeds.  For these reasons, the Court finds that there is not good cause to proceed without Defendant Ahern and it will stay this case pending a lifting of the bankruptcy stay.

**IT IS THEREFORE ORDERED** that *Defendant Massachusetts Institute of Technology's Brief in Support of Staying Entire Case (Doc. 74)* and *Defendant Xtreme Manufacturing, LLC's Motion and Brief in Support of Temporarily Staying the Entire Case (Doc. 75)* are **GRANTED** and this case is hereby **STAYED** pending a lifting of the bankruptcy stay for Defendant Ahern.

**IT IS SO ORDERED.**

_____
**THE HONORABLE M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE**